# IN THE COURT OF COMMON PLEAS
# FRANKLIN COUNTY, OHIO

HANEEF MUHAMMAD
3040 Southfield
Columbus, Ohio 43207                :
                                    :
      Plaintiff,           :
                                    :
                                    :
    v.                            :
                                    :
                                    :

GAP INC
6001 Green Pointe Dr S,
Groveport, OH 43125

    and

PEREZ AND MORRIS
ELIZABETH WEEDEN
445 Hutchinson Ave # 600,
Columbus, OH 43235

    and

SETH VOGELSTEIN
DISABILITY OCCUPATIONAL CONSULTANTS
3085 WOODMAN DRIVE
DAYTON, OHIO 45420

    and

VERISK ANALYTICS
545 Washington Boulevard
Jersey City, NJ 07310

    and

THE HARTFORD
690 ASYLUM AVENUE
HARTFORD, CONNECTICUT 06155

Defendants,

## COMPLAINT

### Jury Demand Endorsed Hereon

**FIRST CLAIM:**

1. On or about 3/12/2023 Verisk, Defendant published unknown amount of ISO Claim search which was distributed to Elizabeth Weeden, Perez and Morris, defendant who then distributed it to Seth Vogelstein, Disability Occupational Consultants also defendants. A copy of the reports is attached hereto and marked Exhibit "A" and "B"

2. The ISO claim search Exhibit A contained a statement about plaintiff reflecting upon his character by saying the plaintiff has a 999 score which meant plaintiff is high risk of insurance fraud.

3. Elizabeth Weeden did submit this ISO claim search to Dr. Seth Vogelstein. Dr. Vogelstein then used the ISO claim search to produce a publication of his own Exhibit B which was sent to Elizabeth Weeden and GAP INC. Dr. Vogelstein had convinced himself that the Plaintiff was in these car accidents based off the ISO claims search prior to him publishing his report and doing his examination. Dr. Vogelstein did question the Plaintiff about these accidents and when the Plaintiff denied he was in these car accidents in 2022, 2020, Dr. Vogelstein then determined the Plaintiff was lying about being in these car accidents without doing an investigation. Dr. Vogelstein stated in his publication that the plaintiff was a "Poor Historian" because the plaintiff denied being in these car accidents bringing the Plaintiff to suffer ridicule, hatred, and contempt.

4. Elizabeth Weeden did submit the ISO Claim search and Dr. Vogelstein's report to the Industrial Commission of Ohio. Ms. Weeden then used the ISO Claim search to attempt to convince the hearing officer that the plaintiff was and had committed insurance fraud in the past or is currently trying to attempt insurance fraud by stating that the "999" score on the ISO claim search meant the plaintiff was in fact "high risk of insurance fraud" without doing an investigation bringing the Plaintiff into further ridicule, hatred, and contempt.

5. The ISO claim search and Dr. Vogelstein's report were malicious and was intended to injure plaintiff's reputation by claiming that the plaintiff was committing fraud and was lying about accidents and injuries though there is evidence to support the injuries.

6. Dr. Vogelstein did perform movements of the plaintiff's body despite the Plaintiff's objection which caused the plaintiff pain and forced the Plaintiff to object to the exam. The Plaintiff did have an MRI performed after Dr. Vogelstein examination and the result was a partially torn rotator cuff. Mr. Vogelstein did cause the Plaintiff pain in his shoulder and back.

7. The Verisk ISO claim search did paint the plaintiff in false light and was used to defame the plaintiff. This report is published by Verisk by anyone willing to pay for this information. There are an unknown amount of these ISO Claims Search reports circulating. As a result, the plaintiff has suffered mental anguish, humiliation, and great loss of reputation and an increase in insurance rates.

**SECOND CLAIM:**

1. Ohio Revised Code (ORC) Section 4123.90 states that employers cannot discharge, demote, reassign, or take punitive action against employees without allowing them to file a grievance in common pleas court.

2. Ohio Revised Code 4123.90 states in part: "No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act. The GAP INC. did terminate the employee Oct 26th, 2023, while the plaintiff was attempting to participate the in the workers compensation fund and under GAP Inc's American with Disabilities Act.

3. The Plaintiff's learned of this termination though a denial of Long-Term Disability benefits through the Hartford. The Plaintiff did attempt to have the GAP's attorney Beth Weeden and the GAP Inc reinstate the Plaintiff to no avail. The Plaintiff contacted the EEOC.

4. The plaintiff's termination was upheld by the GAP as the GAP INC stated through their BWC attorney Ms. Weeden in a letter to the plaintiff's former attorney Dave Barnhardt that the reason for the Plaintiff's termination was due to the plaintiff "not returning to work in a timely fashion" (Exhibit D). This termination caused the Plaintiff losses and mental anguish.

5. The Plaintiff believes this termination was upheld by the GAP through their attorney due to his religion race or class. The GAP disguised the termination as a miscommunication between the GAP and the legal counsel, but the GAP lawyer Ms. Weeden and the GAP's HR were aware of the termination and upheld the termination but did not correct the termination. The GAP does instruct their lawyer and their lawyer is supposed to communicate with the GAP. The GAP's HR was also aware of the termination and did not respond to the Plaintiff. The Plaintiff lost health-care coverage and could not treat his injuries. The Plaintiff was also denied Long Term Disability and suffered mental anguish.

**THIRD CLAIM:**

1. Ohio Rule 123:1-33-05 Payment of disability leave benefits Payment of insurance premiums states During the time an employee is in a no pay status while the claim for disability leave benefits is being processed by the director and during the period that the employee is receiving disability leave benefits, the employer's and employee's

share of the health, life and other insurance benefits will be paid by the employer. The plaintiff was sent a bill from the GAP INC which was sent to a collection agency for 2462 dollars while he was asking to participate in the worker's compensation fund and was covered by ADA. The GAP INC did state through their attorney Ms. Weeden that the reason the plaintiff was billed $2462 dollars was because the plaintiff had "unpaid health insurance premiums".

2. Though Ohio Rule 123:1-33-05 is not a law the Plaintiff believes the GAP Inc violation of this rule was done deliberately to cause the Plaintiff harm. The GAP Inc violation of this rule did cause the Plaintiff mental anguish as the bill was sent to a collection agency and the collection agency is contacting the Plaintiff. "Exhibit C"

3. The plaintiff believes these actions were taken against him because of his race, religion, class, or education level. As a result of these actions, the plaintiff did lose all health care benefits, he was denied long term disability and suffered mental anguish.

4. This treatment of the Plaintiff by the GAP INC has made the work environment hostile and the Plaintiff is afraid to return to work.

## FOURTH CLAIM

1. After the plaintiff's termination by the GAP on October 26, 2023, the Hartford denied the Plaintiff's Long Term Disability claim on 11/06/2023 because the plaintiff was not an "active employee". The claim went into appeal, and on 1/10/2024 it was found that the Plaintiff was eligible for LTD. The Hartford did deny the plaintiff's claim again in bad faith by claiming the plaintiff was receiving workers compensation benefits after receiving information that he was not receiving these benefits forcing the claimant to appeal again on 03/06/2024 causing damage.

2. On 04/03/2024 the claim was reinstated. During the process the Harford created a personal policy that belittled, degraded the plaintiff as employees of the Hartford were instructed to hang up on plaintiff and not to communicate with the Plaintiff despite the plaintiff pleas. The Plaintiff was allowed no communication with the Hartford until the end of March 2024 the Hartford stated the reason "pending litigation" but the Plaintiff had no such pending litigation. This caused a delay in mental anguish as the Plaintiff.

3. On, behalf of the Hartford, Dr. Moses issued a peer review that the plaintiff requested for an IME he had scheduled for his BWC claim. The Hartford denied the plaintiff this peer review for months forcing the Plaintiff to have to reschedule the IME creating delay and mental anguish. The plaintiff believes the Hartford's actions are a continuation of the discrimination he faced at the hands of the Hartford. Previously, the plaintiff was accused of attempting "unknown activity" "selling drugs by the Hartford for being African American and being around other African Americans shaking hands a certain way. The Plaintiff believes this current treatment by the Hartford is a continuation of that discrimination. These actions taken by the Hartford has made it hard to communicate with the Hartford causing the Plaintiff mental anguish.

**WHEREFORE**, the plaintiff prays for judgement against the defendants for compensatory damages, punitive damages, attorney fees and costs.

Respectfully Submitted,

/s/ Haneef Muhammad

3040 Southfield

Columbus, Ohio 43407

6148935021

Cmuhammad2@student.cscc.edu

**The plaintiff requests trial by jury**

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing has been submitted to the Court on June 5, 2024 and submitted to these parties electronically June 5, 2024.