UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HANEEF MUHAMMAD,

      Plaintiff,

   v.

GAP INC., et al.,

      Defendants.

Case No. 2:24-cv-3676

JUDGE DOUGLAS R. COLE
Magistrate Judge Vascura

## ORDER

In a recent order dismissing pro se Plaintiff Haneef Muhammad's operative complaint without prejudice for failure to state a claim, the Court also ordered Muhammad to show cause why the Court should not impose sanctions for what appears to be a violation of his duty of candor to the Court. (Op. & Order, Doc. 114). Specifically, the Court highlighted that Muhammad seems to be citing non-existent case law and relying on hallucinated quotations in his filings in this case. (*Id.* at #1656–60). So the Court ordered him to provide a list of all the cases he cited in two of his recent filings—Docs. 96 and 111—along with the document number and PageID on which those citations are located, and to confirm that those cases exist and that any quotations are accurate. (*Id.* at #1658–60).

Muhammad responded in two ways. First, he filed a notice of appeal and moved for leave to appeal in forma pauperis. (Docs. 115, 116). Second, he filed a Response to Show Cause Order (Doc. 117), which does not include the information the Court required in its Show Cause Order. For example, rather than listing all the purported

cases he relied on in the two noted filings—i.e., Docs. 96 and 111—and confirming whether those cases exist and whether any quoted material is accurate, Muhammad's response merely stated that he "did not invent case law" and listed two cases he says he "intended" to cite (in place of the apparently non-existent cases of a similar name that he in fact did cite): *Humphrey v. U. S. Attorney General's Office*, 279 F. App'x 328 (6th Cir. 2008), and "*Scott Osborn v. City of Columbus*, No. 22-3570 (Sixth Circuit 2023)." (Doc. 117, #1676, 1678). That does not come even close to complying with what the Court ordered him to do.

Admittedly, in light of Muhammad's notice of appeal, the Court lacks jurisdiction over the merits of this action.[1] *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). But "[t]he district court retains jurisdiction to resolve collateral matters such as the imposition of sanctions, even after the underlying action has been appealed." *Kallok v. Boardman Loc. Sch. Dist. Bd. of Educ.*, 24 F. App'x 496, 498 (6th Cir. 2001); *see also, e.g.*, *Old Blast, Inc. v. Operating Eng'rs Loc. 324*, No. 2:15-cv-10606, 2016 WL 8261733, at *2 (E.D. Mich. Aug. 17, 2016) (quoting *Kallok*, 24 F. App'x at 498). The Court therefore intends to proceed with the already-scheduled

---

[1] The Court notes, however, that in its previous Opinion and Order, it dismissed Muhammad's Amended *Complaint* without prejudice; it did not dismiss the *action*. (Doc. 114, #1660). And the dismissal of a complaint without prejudice "is ordinarily a non-final, nonappealable order." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 617 (6th Cir. 2008). Consistent with that understanding, the Court did not enter judgment in this matter, and it observed in the Opinion and Order that it intended to consider Muhammad's four recently filed and still-pending motions for leave to file various versions of re-amended and re-re-amended complaint. (Doc. 114, #1643, 1660 (holding "all other pending motions" in abeyance); *see also* Docs. 65, 66, 67, and 68 (each of which is a motion for leave to file an amended complaint)). So, in the Court's view, Muhammad's notice of appeal is premature. But that is a question for the Sixth Circuit. And until that court decides that question, this Court lacks jurisdiction over this action, subject only to very limited exceptions.

2

hearing set for Wednesday, July 16, but will limit its consideration of issues at that hearing to matters relating to potential sanctions against Muhammad. In connection with that hearing, the Court further **DENIES** Muhammad's request to appear remotely. (Doc. 117, #1691). Muhammad is to appear in person. Moreover, Muhammad must bring to the hearing three copies of these two cases: (1) *Scott v. Carnegie Mellon Univ.*, 315 F.3d 203 (3d Cir. 2003), (cited on Doc. 117, #1677); and (2) *United States v. Santos*, 353 F.3d 489 (7th Cir. 2003), (cited on *id.* at #1679, 1685).[2] He must also bring three copies of each of the following four cases, highlighting in each the language that he purported to quote in his response to the Show Cause Order: (1) *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("Dismissal of a case ends the court's jurisdiction over the merits."), (quoted on Doc. 117, #1676); (2) *United States v. LTV Corp.*, 746 F.2d 51, 53 (D.C. Cir. 1984) ("A stay operates to suspend proceedings in a case, not to terminate them."), (quoted on *id.*); (3) *In re Grand Jury Proceedings*, 654 F.2d 268, 276 (3d Cir. 1981) ("Contempt proceedings require both clear jurisdiction and a valid order."), (quoted on *id.*); and (4) *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982) ("Loss of First Amendment freedoms … constitutes irreparable injury.") (quoted on *id.* at #1677).[3] Finally, the Court requires Muhammad to bring three copies of "*Scott Osborn v. City of Columbus*, No. 22-3570 (Sixth Circuit 2023)," which Muhammad now claims is the case that he meant to cite in place of *Scott v. City of Columbus Legal Department*, No. 2:21-cv-

---

[2] To be clear, based on the Court's research, it does not appear that either of these cases exist.
[3] While these cases do exist, the Court was unable to locate in them the language that Muhammad quoted, suggesting to the Court that the quotes do not exist.

3

5543, 2022 WL 2828015 (S.D. Ohio July 20, 2022), the "case" he actually cited in his earlier filing. Muhammad says that *Osborn* (the new case he cited) is "a real case from this District involving ADA claims and public accommodation discrimination." (Doc. 117, #1676). Accordingly, he is to highlight in the copies of the *Osborn* opinion that he brings to the hearing those portions that he contends are directed toward the ADA or disability accommodations.

Finally, the Court requires Muhammad to prepare and provide a complete written list of any artificial intelligence tools, "citation generators," or legal databases that he used in connection with preparing Docs. 96, 111, or 117. (*See* Doc. 117, #1690 (discussing his use of such tools)).

The Court **WARNS** Muhammad that failing to appear at the hearing, or appearing but not bringing the materials described above (or conceding that they do not exist), may result in him being deemed in contempt of court.

**SO ORDERED.**

July 10, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**